IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELIZABETH A. M., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-CV-220-JFJ |
| ) | |
| MARTIN J. O'MALLEY,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Elizabeth A. M. seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for disability benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For reasons explained below, the Court reverses and remands the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**I.      General Legal Standards and Standard of Review**

"Disabled" is defined under the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are

---

[1] Effective December 20, 2023, pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley, Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence," such as medical signs and laboratory findings, from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician; the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion [is not sufficient] to establish the existence of an impairment(s)." 20 C.F.R. §§ 404.1521, 416.921. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"), whether the impairment prevents the claimant from continuing her past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). If a claimant satisfies his burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the national

economy. *Williams*, 844 F.2d at 751. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History and the ALJ's Decision

Plaintiff, then a 59-year-old female, applied for Title II disability insurance benefits and Title XVI supplemental security income benefits on May 11, 2021, alleging a disability onset date of September 21, 2018, later amended to May 11, 2021. R. 13, 255-265, 289. Plaintiff alleged inability to work due to conditions including idiopathic epidural lipomatosis, diabetes type II, osteoarthritis, post-traumatic stress disorder ("PTSD"), and migraines. R. 291. Plaintiff's claims for benefits were denied initially on July 29, 2021, and on reconsideration on January 11, 2022. R. 104-157. Plaintiff then requested a hearing before an ALJ, and the ALJ conducted a telephone hearing on October 4, 2022. R. 36-69. At the hearing, Plaintiff voluntarily elected to withdraw

her request for Title II benefits.  R. 13.  The ALJ issued a decision on December 6, 2022, denying benefits and finding Plaintiff not disabled because she could perform other jobs existing in the national economy.  R. 13-23.  The Appeals Council denied review, and Plaintiff appealed.  R. 1-4; ECF No. 2.

The ALJ dismissed Plaintiff's Title II claim, pursuant to Plaintiff's withdrawal of that claim.  R. 14.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of May 11, 2021.  R. 16.  At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease with moderate to severe facet arthrosis; and obesity.  *Id.*  The ALJ found Plaintiff's impairments of hypertension, diabetes mellitus, hyperlipidemia, restless leg syndrome, osteoarthritis of the right hand, major depressive disorder, panic disorder, and PTSD were non-severe.  R. 16-17.  In evaluating Plaintiff's mental impairments using the "paragraph B" criteria, the ALJ determined that Plaintiff had mild limitations in all four areas of (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself.  R. 17.  At step three, the ALJ found that Plaintiff had no impairment or combination of impairments that was of such severity to result in listing-level impairments.  R. 18.

After evaluating the objective and opinion evidence and Plaintiff's statements, the ALJ concluded that Plaintiff had the RFC to perform sedentary work except as follows:

> [T]he claimant can lift and/or carry 10 pounds occasionally and 5 pounds frequently; she can stand and/or walk 2 hours in an 8-hour workday; she can sit 6 hours in an 8-hour workday; she can occasionally climb ramps and stairs; she can occasionally stoop, kneel, crouch, and crawl; and she can never climb ropes, ladders, or scaffolds.

R. 18-19.  At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. R. 21.  Based on the testimony of a vocational expert ("VE"), however, the ALJ found at step five

that Plaintiff had acquired transferable work skills from past relevant work, and she could perform the representative jobs of Food Checker, Cashier (tube room), and Check Cashier. R. 21-22. The ALJ determined the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). R. 22. Based on the VE's testimony, the ALJ concluded these positions existed in significant numbers in the national economy. *Id.* Accordingly, the ALJ concluded Plaintiff was not disabled.

### III. Issue

Plaintiff raises one point of error in her challenge to the denial of benefits: that the ALJ's RFC was legally flawed and not supported by substantial evidence. ECF No. 15. Specifically, Plaintiff contends the ALJ's RFC assessment failed to account for four non-severe impairments: (1) mental impairments, (2) hand pain, (3) vertigo, and (4) foot pain. The Court finds that the ALJ committed reversible error by failing to properly address the work-related limitations of Plaintiff's non-severe mental impairments in the RFC assessment. The Court does not reach Plaintiff's other arguments.

### IV. Analysis – The ALJ Committed Harmful Error by Failing to Account for Plaintiff's Non-Severe Mental Impairments in Assessing the RFC

Plaintiff argues the ALJ committed reversible error, because she failed to consider the effects of Plaintiff's non-severe mental impairments in formulating the RFC. ECF No. 15 at 6. A claimant's RFC is her "maximum remaining ability to do sustained work activities in an ordinary work setting" for 8 hours a day, 5 days per week despite her impairments. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 (July 2, 1996). In assessing the RFC, "the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, *whether severe or not severe.*" *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (emphasis in original); *see also* 20 C.F.R. § 416.945(a)(2) ("We will consider all of [a claimant's] medically

determinable impairments of which we are aware, including . . . impairments that are not 'severe'. . . when we asses [a claimant's] residual functional capacity."). Additionally, the ALJ must "include a narrative discussion describing how the evidence supports each conclusion" as to the claimant's work-related limitations. SSR 96-8p, 1996 WL 374184, at *7. In other words, the ALJ must explain the basis for the limitations included in the RFC assessment with citations to "specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.*

The ALJ's step-two assessment of limitations in the four broad areas of mental functioning, known as the "paragraph B" criteria, is not an RFC assessment. *Id.* at *4. Rather, such limitations are used to rate the severity of the claimant's mental impairments at step two and three of the sequential evaluation. *Id.* The RFC assessment, however, "requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph[] B." *Id.* Thus, a finding at step-two that an impairment is non-severe "does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." *Wells*, 727 F.3d at 1068-69.

Plaintiff argues that the ALJ's discussion of her non-severe mental impairments was insufficient in determining the RFC. Plaintiff acknowledges the ALJ found the state agency psychologists' opinions that Plaintiff had no severe mental impairment "generally persuasive," but Plaintiff argues such discussion did not satisfy the discussion requirements under *Wells*. R. 21. In support of her mental impairments, Plaintiff cites records indicating she received counseling and medication management for diagnosed mental conditions of recurrent moderate major depressive disorder, PTSD, and panic disorder. ECF No. 15 at 2 (citing R. 406-413, 415-417, 424-426, 442-449).

### 1.     ALJ's Step-Two Findings

At step two, the ALJ determined that Plaintiff's major depressive disorder, panic disorder, and PTSD were non-severe medically determinable impairments. R. 17. The ALJ then briefly summarized certain treatment notes in 2021 and 2022, which noted Plaintiff's depression was stable; that Plaintiff stated she was "high on life" regarding mood and her mood was "alright"; and Plaintiff's mood, affect, and behavior were at times noted to be normal. *Id.* (citing R. 491-536, 587-615, 768-911, 983-991). The ALJ then determined that Plaintiff's non-severe mental impairments caused mild limitations in the four "paragraph B" mental functional areas of understanding, remembering, or applying information; concentrating, persisting, or maintaining pace; adapting or managing oneself, and interacting with others. *Id.*[2] In support of these findings, the ALJ cited Plaintiff's June 2021 Function Report. *Id.* (citing R. 301-309).

### 2.     ALJ's RFC Assessment

The ALJ did not mention or consider the effects of any of Plaintiff's non-severe mental impairments in her RFC analysis. R. 19-21. The ALJ's discussion, instead, was focused on the effect of Plaintiff's severe and non-severe physical impairments, including her back pain, obesity, and hand pain. *Id.* The ALJ mentioned Plaintiff's mental impairments only once in her RFC analysis, to discuss the non-severity of the impairments. *See* R. 21 (explaining that agency psychologists "Dr. Holloway and Dr. Lindsay reviewed the record [and] concluded that the claimant had no severe mental impairment," and finding those opinions "generally persuasive

---

[2] The ALJ could have found at step two that Plaintiff's medically determinable impairments "posed *no* restriction" on the "paragraph B" functional areas, which would have "obviate[d] the need for further analysis." *Wells*, 727 F.3d at 1065 n.3 (emphasis in original); *see also* 20 C.F.R. § 416.920a(c)(4) (allowing ALJ to find degree of limitation in "paragraph B" functional area to be "none"). However, like in *Wells*, the ALJ found "mild" restrictions in the "paragraph B" functional areas, "requiring further analysis" of Plaintiff's non-severe mental impairments. 727 F.3d at 1065 n.3.

because the opinions are supported by the medical evidence and consistent with the record as a whole").

The ALJ never discussed what, if any, work-related limitations result from Plaintiff's non-severe major depressive disorder, panic disorder, and PTSD. The omission of a discussion regarding the effects of these non-severe impairments demonstrates that the ALJ failed to provide a narrative discussion explaining the evidentiary basis and rationale for the RFC assessment, as required by SSR 96-8p. Thus, because the ALJ "did not engage in any analysis of mental functions and how they may be impacted (or not) by [Plaintiff's] medically determinable mental impairments," the ALJ did not follow the "step-four analytical procedure prescribed by the regulations." *Alvey v. Colvin*, 536 F. App'x 792, 794 (10th Cir. 2013). Without a discussion of how Plaintiff's non-severe major depressive disorder, panic disorder, and PTSD were accounted for in the ALJ's RFC assessment, or an explanation as to why such impairments do not impose any limitations, the Court is unable to "credit [the ALJ's] conclusion with substantial evidence." *Wells*, 727 F.3d at 1071.

### 3. ALJ's Error Was Harmful

The ALJ's failure to consider a claimant's non-severe impairments when assessing the RFC does not necessarily warrant remand if "the evidence in [the] case does not support assessing any functional limitations from mental impairments." *Alvey*, 536 F. App'x at 794; *see also Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (explaining that a finding of harmless error is appropriate where the court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way"). For example, in *Alvey*, the Tenth Circuit found the ALJ's failure to analyze the impact of a claimant's non-severe mental impairments on the RFC was harmless error, where there was no evidence the

8

claimant had been treated by a mental practitioner and no substantial evidence supporting any functional limitations.  536 F. App'x at 794-95.

Although it is a close question, the Court concludes that a reasonable factfinder could have imposed work-related mental limitations based on the record evidence.  Plaintiff participated in outpatient therapy and medication management for her mental conditions between June 2019 and November 2021, and she was prescribed medications such as Ativan, propranolol, Zoloft, Wellbutrin, and Abilify, for her major depressive disorder, PTSD, and panic disorder.  R. 406-490, 590-635.  Considering the record as a whole, the Court finds that Plaintiff's significant mental health medication regime, combined with her long history of outpatient counseling, indicate that a reasonable factfinder could have included mental limitations in the RFC related to her major depressive disorder, PTSD, and panic disorder.  Therefore, the Court finds the error was not harmless and requires reversal for further consideration and discussion.  *See Peggy L. P. v. Kijakazi*, No. 21-CV-306-JFJ, 2022 WL 15798576, at *5 (N.D. Okla. Oct. 28, 2022) (finding reversible error where ALJ failed to consider plaintiff's non-severe mental impairments in formulating RFC, where plaintiff was prescribed mental health medication and received individual counseling); *Stookey v. Colvin*, No. 13-2172, 2014 WL 3611666, at *4 (D. Kan. July 22, 2014) (finding reversible error where ALJ failed to consider plaintiff's non-severe mental impairments in formulating RFC, where plaintiff was prescribed mental health medication by treating physician).

In sum, the ALJ erred by relying on her non-severity finding at step two "as a substitute for a proper RFC analysis." *Wells*, 727 F.3d at 1065.  The error was harmful.  Accordingly, the matter will be remanded for further proceedings consistent with this Order.  *See id.* at 1071 (remanding for further proceedings "concerning the effect of [claimant's] medically determinable

mental impairments on her RFC, and for further analysis at steps four and five, including any further hearing the ALJ deems necessary").

## IV. Conclusion

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order.

**SO ORDERED** this 2nd day of May, 2024.

*[signature]*
**JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**